

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable J. H. Kidd, Jr.
County Attorney, Kleberg County
Kingsville, Texas

Dear Sir:

Opinion No. O-5605
Re: Whether the County Attorney
of Kleberg County is entitled
to receive his compensation as
County Attorney after he has
been inducted into the Armed
Services; and related matters.

Your letter of March 28, 1944, requesting the opinion of this department on the questions stated therein is as follows:

"It would be appreciated if your office would give me an opinion on the following question which is to be submitted. We are familiar with several opinions that have been written by the attorney general's office on this question, but we would like to be sure of the same before any definite steps are taken.

"I, as County Attorney of Kleberg County, Texas, and have been since 1935, have been selected for service under the Selective Service Act and it is my desire to know exactly the status my office will be in if and when I am inducted. Am I, as county attorney, entitled to receive the compensation which I have been drawing in salary and fees after I am inducted into the service? It is not my intentions to vacate the office but to maintain the same and appoint an Assistant County Attorney. It is also my intentions to file for re-election at the future coming primaries.

"I draw a salary of $125.00 per month, plus fees which are earned. Would I be authorized to hire an Assistant County Attorney and retain my salary to $125.00 per month and permit him to receive and draw

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

the fees of office and request the Commissioners
Court to allow him a salary from $1.00 to $125.00
per month as may be agreed upon by the Commissioners
Court and myself, as county attorney.

"I will probably have to report on or about
May 1st and we have a regular session of court meeting on 10th day of April and it would be appreciated
if your office could furnish me with information requested prior to that time."

In Opinion No. 0-3446, a copy of which is enclosed
for your convenience, this department held that the office of
county attorney did not automatically become vacant upon the
induction of the incumbent into the Army. It was further held
that the county attorney was entitled to his salary or compensation during the term of his office or until a vacancy is established. This department has followed the holding in said opinion in numerous other opinions.

Kleberg County has a population of 13,344 inhabitants
according to the 1940 Federal Census. The county officials of
said county are compensated on a fee basis and it is apparent
that the $125.00 compensation per month, mentioned in your letter,
is ex-officio compensation as authorized by Article 3895, Vernon's
Annotated Civil Statutes.

Articles 331 and 3902, Vernon's Annotated Civil
Statutes, provide that county attorneys, by consent of the commissioners' court shall have power to appoint one or more assistants, but it is specifically provided in Article 3902 that
the commissioners' court shall not attempt to influence the appointment of any person as an assistant.

This department held in Opinion No. 0-4599, a copy
of which is enclosed, that:

"(1) Where the county attorney has taken some
action in the case for the State in the justice court
he would be entitled to the $5.00 fee on a plea of
guilty in the justice court regardless of whether he
was present in the justice court at the time the plea
was entered. For example, if your county attorney
filed a complaint in justice court before he left to
join the Army he would be entitled to the $5.00 fee
if the defendant subsequently plead guilty.

"(2) If the county attorney has not taken any action in such a case and is not present and ready to represent the State at a regular term of justice court and a defendant pleads guilty at such regular term, the county attorney would not be entitled to the fee. Nor would the county be entitled to the fee. If no fee is due the county attorney it should not be charged against the defendant.

"(3) If the defendant plead guilty in justice court at any time other than the regular term of such court the county attorney would be entitled to a $5.00 fee even though he was not present and had taken no action in the case."

Section (a) of Article 3899, Vernon's Annotated Civil Statutes, applicable to counties whose county officials are compensated on a fee basis, provides, in part:

"* * * The amount of salaries paid to assistants and deputies shall also be clearly shown by such officer, giving the name, position and the amount paid each; and in no event shall any officer show any greater amount than actually paid any such assistant or deputy. The amount of such expenses, together with the amount of salaries paid to assistants, deputies, and clerks, shall be paid out of the fees earned by such officer. * * *"

In view of the foregoing, you are respectfully advised that it is our opinion that the office of county attorney does not become vacant upon your induction into the Armed Services and that you are entitled to your compensation during your term of office, or until a vacancy is established.

It is our further opinion that you are authorized to

appoint an assistant under the provisions of Articles 331 and 3902, Vernon's Annotated Civil Statutes, provided, of course, the commissioners' court of said county authorizes such appointment. The salary of such assistant, when appointed, must be paid out of fees earned by the county attorney. The commissioners' court of said county has no authority whatsoever to pay the salary of the assistant out of county funds. Stated another way, the salary of the assistant must be paid by the county attorney out of fees earned by such officer.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:EP

Encl.

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN